BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CV-02230-GEB-CKD |
| Plaintiff, | **SETTLEMENT AGREEMENT AND RELEASE; ORDER** |
| v. | |
| SUWONNEE PONGNORSING; AND WESTSIDE PLAZA PHARMACY, | |
| Defendants. | |

The Parties, through their authorized representatives, hereby agree to resolve this action as set forth below.

## I. BACKGROUND

1. Defendant Suwonnee Pongnorsing is the owner, operator and pharmacist-in-charge of defendant Westside Plaza Pharmacy, a retail pharmacy located in Modesto, California. The pharmacy serves a variety of patients' needs, including dispensing prescription drugs subject to the Comprehensive Drug Abuse Prevention and Control Act, also known as the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*) and its implementing regulations ("the CSA").

2. Defendants Suwonnee Pongnorsing and Westside Plaza Pharmacy ("Defendants") must conduct Westside Plaza's pharmaceutical operations in accordance with the CSA.

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

1

3. The United States Attorney General, through the United States Attorney's Office, has primary authority to bring civil actions to enforce the CSA in this District. *See,* 21 U.S.C. § 871 and 28 C.F.R. § 0.55(c).

4. On December 11, 2012, the Drug Enforcement Administration ("DEA") investigated Westside Plaza's business operations. Based on this investigation, the United States filed a civil complaint against Defendants, alleging multiple CSA violations and seeking recovery of civil monetary penalties. The United States' allegations concern Defendants' misconduct as follows (the "Covered Conduct"):

    A. On 250 occasions, from July 2, 2009 through October 1, 2012, Defendants failed to record the receipt dates of invoices of controlled substances they received from suppliers in violation of 21 C.F.R. § 1304.21(d);

    B. On 23 occasions, from January 17, 2012 through July 17, 2012, Defendants failed to record either the "number of packages received," "date received" or both on DEA-222 form, U.S. Official Order Forms-Schedules I & II, from supplier McKeeson Corporation in violation of 21 C.F.R. § 1305.13(e);

    C. Defendants did not conduct a biennial inventory in violation of 21 C.F.R. 1304.11(c); and

    D. Defendants failed to notify the DEA of suspicious orders and prescriptions at the time they knew or should have known of the suspicious transactions, and instead filled many of the prescriptions knowing that the prescriptions did not fulfill the requirements of 21 U.S.C. § 829(b).

5. At all relevant times, the CSA authorized the imposition of a civil penalty of up to $10,000 for each violation alleged under paragraphs 4A – C, above, and up to $25,000 for each violation alleged in paragraph 4D. 21 U.S.C. §§ 842(c)(1)(B) and 842(c)(1)(A), respectively.

6. Defendants understand that the allegations in the civil complaint, if proven at trial, could result in the imposition of civil penalties against Defendants. Defendants give up their right to contest

SETTLEMENT AGREEMENT AND RELEASE; ORDER

2

the complaint's allegations—summarized as the Covered Conduct above—and agree to settle this matter pursuant to this Agreement's terms and conditions.

## II.  TERMS AND CONDITIONS

7. In consideration of the mutual promises, covenants and obligations of this Agreement, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

   A. <u>Entry of Judgment</u>.  Defendants consent to entry of judgment in favor of the United States in the amount of three hundred fifty thousand dollars ($350,000) (the "Judgment Amount").  Defendants have reviewed and "approved as to form and content" the judgment lodged with the Court and shall satisfy the Judgment Amount via the payment plan set forth below.

   B. <u>Judgment Enforcement and Satisfaction</u>.  The United States will record abstracts of judgment in the counties where Defendants have, or may interests in real property.  Other than recording abstracts of judgment, the United States agrees that it will not seek to enforce its judgment provided Defendants comply with this Agreement's terms.  Upon Defendants' fulfillment of the Agreement, the United States will file a satisfaction of judgment with the Court.

   C. <u>Payments</u>.  Defendants shall pay to the United States $350,000, plus 2% annual interest, in the following installments:

      (1) $55,000 at the time this Agreement is executed, via electronic funds transfer and pursuant to written instructions the United States will provide separately;

      (2) $45,000 within 90 days from the date the Agreement is executed; and

      (3) Thereafter, but no later than April 1, 2014, Defendants shall pay to the United States the sum of $12,500 every successive quarter, no later than the first day of the quarter, plus interest, until paid in full.  An amortization schedule is attached hereto as Appendix "A."

   D. <u>Method of Payment</u>.  Defendants' initial payment of $55,000 (or any future payment exceeding $50,000) shall be via electronic funds transfer.  All other payments may be electronic funds or certified check.  The payee for all payments is the **United States Department of Justice**, with a

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

3

1  delivery address to the United States Attorney's Office, Attention: Financial Litigation Unit (FLU), 501
2  I Street, Suite 10-100, Sacramento, CA 95814.

3      E. <u>Reduced Judgment</u>.  The United States agrees to reduce the judgment amount to
4  $325,000 (plus any interest due) from $350,000 provided Defendants complete the payment installment
5  plan within three years; i.e., by October 1, 2016.

6      F. <u>Default</u>.  Defendants agree that if they default in the payment of the Judgment
7  Amount stated in paragraph 7A, above, the United States may declare any remaining unpaid balance
8  immediately due plus a ten percent (10%) surcharge thereon.  The United States shall notify Defendants
9  of a default in accordance with paragraph 7G, below, and may, thereafter, without further notice to
10 Defendants, proceed to enforce the judgment to collect the unpaid balance and surcharge.  The 10%
11 surcharge is to compensate the United States for its court costs, expenses and attorneys' fees associated
12 with enforcing this Agreement.

13     G. <u>Written Notice</u>.  Except as required elsewhere in this Agreement or its Appendix,
14 whenever written notice is required, the notice shall be addressed and mailed to the individuals
15 identified below, unless those individuals or their successors give notice, in writing, of a change of
16 address to the other party.

17     To Defendants Suwonnee Pongnorsing or Westside Plaza Pharmacy:

> Peter S. Gregorovic, Esq.
> Frederickson, Mazeika & Grant, LLP
> 5720 Oberlin Drive
> San Diego, CA 92121
> Tel: 858-642-2002
> Fax: 858-642-2001

and

To the United States:

> Kurt A. Didier
> Assistant United States Attorney
> United States Attorney's Office
> Eastern District of California
> 501 I Street, Suite 10-100
> Sacramento, CA 95814
> Tel: 916-554-2750
> Fax: 916-554-2900

4

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

8.  In consideration of Defendants undertakings, and subject to the exceptions stated below, the United States fully and finally releases Suwonnee Pongnorsing and Westside Plaza Pharmacy, its attorneys, officers, directors, agents and employees and agrees to settle and relinquish all claims for civil penalties it may have against Defendants based on the Covered Conduct defined in Paragraph 4, above.

9.  Defendants represent that they have taken good faith actions to detect and report suspicious orders/prescriptions and will comply with all applicable CSA provisions.

10. Defendants fully and finally release the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which Defendants asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents, related to the investigation, prosecution, and settlement of this matter.

11. Notwithstanding any term of this Agreement, the following claims of the United States are specifically reserved and excluded from its scope and terms as to any entity or person, namely any:

   A.  Potential criminal liability;

   B.  Criminal, civil, or administrative claims arising under Title 26, U.S. Code (Internal Revenue Service);

   C.  Administrative liability, including mandatory exclusion from any federal programs, or matters concerning Defendants' DEA Registration;

   D.  Liability to the United States for any conduct other than that covered by the release in paragraph 9; and

   E.  Claims based on such obligations as are created by this Agreement.

12. Defendants agree that any and all costs they have or will incur in connection with this matter—including payment of the Settlement Amount under this Agreement, attorney's fees, costs of investigation, negotiation, and remedial action—shall be unallowable costs for government contract accounting and for Medicare, Medicaid, TRICARE, and FEHBP reimbursement purposes.

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

5

13. The obligations imposed upon Defendants pursuant to this Agreement are in addition to, and not in derogation of all requirements imposed upon them pursuant to all applicable federal, state and local law, including without limitation the requirements set forth in Title 21 of the United States Code and the regulations promulgated thereunder. No provision of this Agreement shall be construed as limiting the authority of the United States to enforce all statutes and regulations.

14. Defendants warrant that they have reviewed their financial situation and that they currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and shall remain solvent following their initial $55,000 and subsequent $45,000 payments to the United States as set forth in the payment schedule outlined in paragraph 7C above and Appendix A. Further, the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendants within the meaning of 11 U.S.C. § 547(c) (1); and (b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted, on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a) (1).

15. If Defendants' obligations under this Agreement are avoided for any reason, including, but not limited to the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Agreement, and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the releases provided in Paragraph 8 above, and Defendants agree that they shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, that relate to the timing of the filing of any such civil or administrative claims, actions, or proceedings that are brought by the United States within ninety (90) calendar days of written notification to Defendants that the releases herein have been rescinded pursuant to this Paragraph. If the

SETTLEMENT AGREEMENT AND RELEASE; ORDER

6

United States rescinds the releases in this Agreement, Defendants shall be relieved of all obligations under the Agreement including any remaining payments due pursuant to paragraph 7.

16. This Agreement is not intended by the Parties to be, and shall not be interpreted to constitute a release of any person or entity not identified or referred to herein.

17. Each Party warrants that it has been represented by, and has sought and obtained the advice of independent legal counsel with regard to the nature, purpose, and effect of this Agreement. The Parties hereby declare that the terms of this Agreement have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice. Nothing in this provision creates a waiver of the attorney client privilege.

18. Each Party warrants and represents that it is freely and voluntarily entering into this Agreement without any degree of duress or compulsion whatsoever, after having been apprised of all relevant information and data by its legal counsel.  Each Party further warrants and represents that no other party or its representative has made any promise, representation or warranty, express or implied, except as expressly set forth in this Agreement, and that each party has not relied on any inducements, promises, or representations made by any Party to this Agreement, or its representatives, or any other person, except as expressly set forth herein.

19. This Agreement was negotiated by the Parties and their respective counsel, each of whom had the opportunity to participate in the drafting thereof.  It is therefore the intent of the Parties that the words of this Agreement shall be construed as a whole so as to effect their fair meaning and not for or against any party, the Parties having waived the benefit of California Civil Code § 1654 and similar laws.

20. This Agreement shall be governed by the laws of the United States.  If a dispute arises under the Agreement, exclusive jurisdiction and venue shall lie in the United States District Court for the Eastern District of California, and to the extent that state law applies to the dispute, California law shall apply.

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

21. Each person who signs this Agreement in a representative capacity warrants that he or she is fully authorized to do so.

22. This Agreement constitutes the Parties' entire agreement and cannot be amended except in a writing duly executed by the Parties' authorized representatives.

23. The Parties acknowledge that their authorized representatives have read this Agreement and understand that as of the effective date, it will be a matter of public record.

24. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

25. Except as expressly provided to the contrary in this Agreement, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

26. This Agreement is binding on each Party and on its successors in interest, transferees, and assigns. A successor in interest is defined for purposes of this Agreement to include, without limitation, any entity that acquires Defendants' duties and responsibilities as stated in paragraphs 1 and 2, above.

27. This Agreement shall be effective on the date of signing—including signatures via facsimile or electronic transmission—by all Parties (the "Effective Date"). It may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

28. The parties understand that as of the effective date, this Agreement will be a matter of public record.

FOR THE UNITED STATES OF AMERICA:

BENJAMIN B. WAGNER
United States Attorney

Dated: October __, 2013        By: _____
                               KURT A. DIDIER
                               Assistant United States Attorney
                               Attorneys for the United States of America

8

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

FOR DEFENDANTS WESTSIDE PLAZA PHARMACY AND SUWONNEE PONGNORSING:

Dated:  October __, 2013                    By:  _____
                                                 SUWONNEE PONGNORSING
                                                 Owner, Westside Plaza Pharmacy

Dated:  October __, 2013                    By:  _____
                                                 SUWONNEE PONGNORSING
                                                 An Individual

APPROVED AS TO FORM AND CONTENT:

Dated:  October __, 2013                    By:  _____
                                                 PETER S. GREGOROVIC, ESQ.
                                                 Attorney for Defendants

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

## ORDER

The Court, having reviewed the court files and parties' settlement agreement (the Agreement) and finding good cause therefor, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

Dated: October 29, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**SETTLEMENT AGREEMENT AND RELEASE; ORDER**

10